William H. Mellin, Defendant in Error, v. Charles H. McDermott, Plaintiff in Error.

### Gen. No. 23,329.

PRINCIPAL AND AGENT, § 69*—*when commissions for obtaining building loan not recoverable.* There can be no recovery of commissions for obtaining a building loan, under an application providing that the loan should bear interest from the date of application and should be evidenced by judgment principal and interest notes secured by a first mortgage on the property, that the money should be paid out at the discretion of the agent in such instalments and at such stages of progress of the building as the agent might see fit, the final instalment to be paid on completion of the building, where, although the application contained no provision as to a depositary, the agent wrongfully insisted on acting as custodian of the money and was not willing to allow the money to be left with a responsible trust company.

Error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed May 14, 1918. *Certiorari* denied by Supreme Court (making opinion final).

CHYTRAUS, HEALY & FROST, for plaintiff in error.

ROBERT F. KOLB and TATGE & TATGE, for defendant in error; FRANK INGRAFFIA, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

By this writ of error defendant brings up for review and seeks reversal of a judgment for $1,920 entered against him on a directed verdict, in an action of as-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sumpsit to recover commissions alleged to be due plaintiff.

Defendant owned certain lots in the City of Chicago which he desired to improve. He applied to the plaintiff for a building loan of $48,000, signing a written application therefor in which he agreed to pay plaintiff a commission of 4 per cent. of the amount of the loan. The application recited that the loan was to bear interest from the date of said application and was to be evidenced by judgment principal and interest notes secured by a first mortgage on the property; that the money should be paid out at the discretion of the plaintiff, in such instalments and at such stages of progress of the building as plaintiff might see fit, the final instalment to be paid upon its completion. The said application made no provision for a stakeholder or a depositary of the money during the construction of the building.

A few days after the application was signed, plaintiff notified the defendant of the acceptance thereof. About a month later plaintiff called on the defendant and requested him to sign the necessary papers evidencing the loan and the security therefor. Thereupon the defendant demanded that the money in question be deposited in escrow with the Chicago Title & Trust Company, to be paid out on plaintiff's order as the building progressed, and refused to sign anything further until his demand had been complied with. This the plaintiff declined to do, and notified defendant that if the papers were not signed by a specified date, the money would be loaned to some one else.

It was plaintiff's contention that by the terms of the application for the said loan he was made custodian of the money during the construction of the building, and that he was therefore justified in refusing to deposit the money with the Chicago Title & Trust Company, to be paid out upon his order. Plaintiff's attorney concedes, however, that the said application

contained no express provision authorizing his client to act as custodian of the fund during the construction of the building, but insists that he was entitled to his commission, for the alleged reason that he procured a lender who was ready, able and willing to make the loan upon the terms proposed.

The evidence showed that plaintiff finally called upon defendant and tendered a cashier's check for $48,000 and requested defendant to execute the requisite papers. To whose order the cashier's check was made payable does not appear from the evidence, but from plaintiff's contention upon the trial, that he was entitled to hold the fund during the construction of the building, it is fair to assume that the said check was payable to his own order.

It is apparent that the deal failed of consummation because the application did not designate a custodian of the said fund, and the parties were unable to agree on none, plaintiff insisting (wrongfully) on his right to act as such, while defendant was willing to have the money placed with a responsible trust company. In this situation, it is apparent that the plaintiff cannot recover, for the reasons (a) that the contract which he drafted is unenforceable, and (b) because he insisted on exacting terms profitable to himself, which were not contemplated by the contract.

Accordingly the judgment will be reversed.

*Reversed.*